


B. McKay Mignault, Chief Bankruptcy Judge
United States Bankruptcy Court

Dated: May 3rd, 2024

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| In re:<br><br>PrimeCare Medical of West Virginia, Inc.<br><br>Debtor. | Chapter 7<br>Case No. 24-60001 |

### AGREED ORDER GRANTING MOTION OF WEST VIRGINIA LITIGATION CLAIMANTS FOR RELIEF FROM THE AUTOMATIC STAY

Pending before the Court is the *Motion Of West Virginia Litigation Claimants For Relief From The Automatic Stay* ("Motion") filed by, Michael Rose, and others similarly situated, ("Movants"), and creditors of the Debtor, PrimeCare Medical of West Virginia, Inc., ("Debtor").

Under the Motion, Movants seek relief from the automatic stay under 11 U.S.C. §362 in order to advance personal injury claims and wrongful death claims believed to be covered by applicable insurance policies insuring the Debtor. The Trustee consents to the relief requested in this Motion as evidenced by his signature to this Agreed Order. Additionally, the Debtor authorizes recitation of the fact that Debtor does not oppose the requested relief.

Movants have been provided with a primary liability insurance policy issued by CBC Partnership ("CBC Policy"), as well as excess liability policies that Movants believe apply to their claims. As set forth in the Motion, (i) the policy holder and named insured of the CBC Policy is PrimeCare Medical, Inc., and the Debtor is named as an additional insured; and (ii) under Article

004979    2 2 5 0 8 0 0 4 9 8 3 0 1 8



XIV, the CBC Policy states that "Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the Underwriters of their obligations."

Movants are all similarly, or in many instances, identically situated, in that they all seek recovery from one or more insurance policies insuring the Debtor for personal injury claims. More specifically, Movants are comprised of personal injury claimants who are plaintiffs in civil actions filed pre-petition, or plaintiffs currently stayed under 11 U.S.C. §362 from filing complaints initiating civil actions as follows:

(a) **Michael Rose et al** - A class action pending before the U.S. District Court for the Southern District of West Virginia with Michael Rose as lead plaintiff, styled *Michael Rose, et al. v. WVDCR et al*, civil action no. 5:22-cv-405. The Debtor is a named defendant.

(b) **Rebecca Chapman** - A civil action pending before the U.S. District Court for the Southern District of West Virginia, styled Rebecca *Chapman v. WVDCR et al*, civil action no. 5:23-cv-178. The Debtor is a named defendant.

(c) **Jessica Bowers** - A civil action pending before the U.S. District Court for the Southern District of West Virginia styled *Jessica Bowers v. WVDCR et al*, civil action no. 5:23-cv-178. The Debtor is a named defendant.

(d) **Estate of Quantez Burks** - A civil action pending before the U.S. District Court for the Southern District of West Virginia styled Estate of *Quantez Burks v. PrimeCare Medical Inc., et al.* 5:24-cv-00083. The Debtor is a named defendant.

(e) **Estate of Richard Wriston** - A civil action pending before the U.S. District Court for the Southern District of West Virginia styled *Estate of Richard Wriston v. WVDCR et al.*; 5:24-cv-00097. The Debtor is a named defendant.

(f) **Estate of Adam Surratt**- The Estate of Adam Surratt has wrongful death claims for which no complaint has been filed. The Debtor would be a named defendant and the Complaint

004979   2250800498301 8



would reflect that stay relief was granted allowing the plaintiff to name the Debtor as a nominal defendant to proceed against applicable insurance policy obligations as well as claims against non-debtors.

(g)  **George Garner** – George Garner has personal injury claims for which no complaint has been filed. The Debtor would be a named defendant and the Complaint would reflect that stay relief was granted allowing the plaintiff to name the Debtor as a nominal defendant to proceed against applicable insurance policy obligations as well as claims against non-debtors.

For purposes of this Order, the terms "Movants" and "Michael Rose, and others similarly situated" is deemed to include all of the foregoing claimants and also includes any known or unknown spouses with loss of consortium or related claims.

### Discussion

Litigation claimants routinely obtain stay relief from bankruptcy debtors (to the extent of available insurance coverage) in order to seek insurance proceeds. As set forth below, adequate cause exists to grant relief from the automatic stay under 11 U.S.C. §362 to permit claimants to seek recovery through applicable insurance policies.

As discussed below, cause exists to modify the automatic stay for litigation claims where insurance coverage is available for tort claims.

Additionally, stay relief is deemed mandatory where the where the Debtor has no equity or interest in the property sought (i.e., insurance proceeds). *Elliott v. Hardison*, 25 B.R. 305, 308 (E.D. Va. 1982). *In Elliott*, the movant, a personal injury claimant, sought stay relief to seek recovery from an insurance policy insuring the Debtor. This Court discussed the legislative history behind the provisions of 11 U.S.C. §362:

> The legislative history to § 362 is abundantly clear on the point that Congress intended the bankruptcy courts to be required to lift the stay in appropriate circumstances. The Senate report states: Subsection (d) requires the court, upon

3



motion of a party in interest, to grant relief from the stay for cause, such as by terminating, annulling, modifying, or conditioning the stay. The lack of adequate protection of an interest in property is one cause for relief, but is not the only cause. Other causes might include the lack of any connection with or interference with the pending bankruptcy case. Generally, proceedings in which the debtor is a fiduciary or involving postpetition activities of the debtor, need not be stayed because they bear no relationship to the purpose of the automatic stay, which is protection of the debtor and his estate from his creditors.

Upon the court's finding that the debtor has no equity in the property subject to the stay and that the property is not necessary to an effective reorganization of the debtor, the subsection requires the court grant relief from the stay . . . .S.Rep. No. 989, 95th Cong., 2d Sess. 50 (1978), reprinted in [1978] U.S.Code Cong. & Ad.News 5787, 5838 (emphasis added). *Matter of Holtkamp, supra*, at 508.

*Elliott v. Hardison*, 25 B.R. 305, 308 (E.D. Va. 1982). The Court continued: "Not to allow Mr. Elliott to proceed with his personal injury claim effectively would preclude him from any possibility of recovering for his alleged injuries, and might allow the insurance company to escape a risk which it has accepted . . . ." *Id* at 310.

Under bankruptcy law, nonpayment by the Debtor of any deductible or self-insured retention would not prevent Movants' claims from proceeding against applicable insurance coverage.[1] Indeed, as set forth below, bankruptcy law creates a claim by the insurer against the Debtor for amounts within the deductible. On the other hand, as set forth below, amounts within a self-insured retention may serve as an offset against a recovery. However, neither a deductible nor a self-insured retention serves as a bar to recovery.

The United States Bankruptcy Court for the Northern District of West Virginia has confirmed that a deductible is a claim by the insurer against the Debtor's estate. *See West Virginia Hosp. Ins. Corp. v. Broaddus Hosp. Ass'n* (In re Broaddus Hosp. Ass'n), 159 B.R. 763, 772 (Bankr. N.D.W.V. 1993)(amounts owing for pre-petition deductible payments shall be allowed as a general

---

[1] Movants note that the Trustee designated this as a no asset case on March 7, 2024. (Dkt. No. 24).

004979    22508004983027



unsecured claim only).

As set forth more fully below, a self-insured retention is generally not within the policy limits and works as an offset to permit the insurer to receive the benefit of its bargain if the Debtor in bankruptcy cannot pay the self-insured retention.[2] As stated by Judge Volk sitting as the United States Bankruptcy Court for the Southern District of West Virginia, in the *Findings Of Fact, Conclusions Of Law, And Order Granting Final Approval Of The Debtors' Disclosure Statement And Confirming Debtors' Joint Chapter 11 Plan Of Reorganization (In re: Thomas Health System, Inc.* Case No. 20-2007, SDWV):

> This Court holds that that an insured's failure to pay a self-insured retention due to bankruptcy or insolvency does not relieve the insurer of its contractual duties under the policy. *See Sturgill v. Beach at Mason Limited Partnership*, 2015 U.S. Dist. LEXIS 142490, *5, 2015 WL 6163787 (S.D. Oh. 2015) (collecting cases).

*Id.*

In *Sturgill, supra* the U.S. District Court for the Southern District of Ohio collected cases on this issue:

> the great weight of authority from other jurisdictions holds, under policy language similar to that contained in the Steadfast policy, that the insured's failure to pay a SIR does not relieve the insurer of its contractual duties under the policy. *See Pinnacle Pines Cmty. Ass'n v. Everest Nat'l Ins. Co.*, No. CV-12-08202-PCT-DGC, 2014 U.S. Dist. LEXIS 65011, 2014 WL 1875166, at *5 (D. Ariz. May 9, 2014) (holding that, due to policy clause stating that the insolvency of the insured would not relieve the insurer of its insurance obligation, the insured's bankruptcy and resulting inability to pay SIR did not absolve insurer from its responsibility to provide coverage for judgment obtained against insured by third party); *In re FF Acquisition Corp.*, 422 B.R. 64, 67 (N.D. Miss. 2009) (debtor's failure to fund its SIR

---

2 While the CBC Policy employs the term "deductible," it is unclear whether, under principles of state law, the policy language is intended to operate as a deductible or a self-insured retention. Under this Order, the Court makes no determination regarding (i) whether, under principles of applicable state law, any of the applicable policies contain a deductible or self-insured retention or (ii) whether someone other than the Debtor may be obligated, under principles of applicable state law, to satisfy a deductible or self-insured retention.

004979

2250 8004983036



did not relieve insurer of its duty under policy to provide defense in personal injury action pending against debtor); *In re Grace Ind., Inc.*, 341 B.R. 399, 403-04 (E.D.N.Y. 2006) ("[T]he debtor's failure to pay the retrospective premium claimed to be due, or failure to fund the costs of, or any awards resulting from, these personal injury actions to the extent to the self-insured retention amount, [*6] does not relieve Admiral of its obligation to pay claims under the Policy."), aff'd as modified, *Admiral Ins. Co. v. Grace*, 409 B.R. 275 (2009); *In re: Vanderveer Estates Holding, LLC*, 328 B.R. 18, 25-26 (E.D.N.Y. 2005) (bankruptcy debtor's failure to pay SIR under policy did not relieve insurer of its obligations under policy); *In re OES Envtl., Inc.*, 319 B.R. 266, 269 (M.D. Fla. Aug. 3, 2004) (holding that insurer "is obligated to defend and indemnify the Debtor for the portion of any judgment or settlement exceeding [the SIR], irrespective of Debtor's inability to pay the claimed retention amount"); *In re Keck, Mahin & Cate*, 241 B.R. 583, 596-97 (N.D. Ill. 1999) (insurer obligated to provide coverage even though bankrupt insured could not make actual payment of SIR; however, insurer would not be liable for any part of the SIR); *In re Firearms Import and Export Corp.*, 131 B.R. 1009, 1014 (S.D. Fla. 1991) (failure of insured to fund SIR does not relieve insurer of coverage obligation; insured paid all premiums and insurance contract was thus not executory); *In the Matter of Federal Press Co., Inc.*, 104 B.R. 56, 62-64 (N.D. Ind. 1989) (holding that SIR clause and bankruptcy clause conflicted and created ambiguity such that policy would be construed in favor of insured, and its inability to satisfy SIR due to bankruptcy would not relieve insurer of coverage obligation); *Gulf Underwriters Ins. Co. v. McClain Indus., Inc.*, Docket No. 273768, 2008 Mich. App. LEXIS 1595, 2008 WL 3021134, at *2-*3 (Mich. Ct. App. Aug. 5, 2008) (holding that requiring bankrupt insured to fund SIR before insurer's coverage obligation would be triggered would nullify bankruptcy clause); *Home Ins. Co. of Illinois v. Hooper*, 294 Ill. App.3d 626, 632-33, 691 N.E.2d 65, 229 Ill. Dec. 129 (Ill. Ct. App. 1998) (requiring payment of SIR by bankrupt insured as condition precedent [*7] violates Illinois public policy arising from statute requiring bankruptcy clause in liability policies).

*Sturgill v. Beach at Mason Limited Partnership*, 2015 U.S. Dist. LEXIS 142490, *5-7. (S.D. Oh. 2015). Thus, coverage may not be denied for a Debtor's non-payment of a self-insured retention.

Based upon the foregoing, the Trustee's consent, and the absence of opposition by the Debtor, it is accordingly ORDERED that that the Motion is GRANTED and Movants are granted relief from the automatic stay imposed by 11 U.S.C. §362 to proceed with their litigations claims,

004979    2 2508 004 983036



in order to seek recovery from one or more applicable liability insurance policies, including, but not limited to the CBC Policy.

And it is further ORDERED that this Agreed Order may be filed and docketed in the Movants' respective filed and yet-to-be-filed civil actions as evidence of this Court's ruling as to application of bankruptcy law to a bankruptcy debtor's insurance coverage.

Prepared by:

/s/ Spencer D. Elliott
Spencer D. Elliott, WV Bar #8064
LEWIS GIANOLA PLLC
300 Summers Street, Suite 700,
P. O. Box 1746
Charleston, WV 25326
(304) 345-2000
selliott@lewisgianola.com
*Counsel for Michael Rose, and others similarly situated*

Agreed to by:

/s/ Thomas H. Fluharty
Thomas H. Fluharty WV Bar #1231
Chapter 7 Trustee
408 Lee Ave
Clarksburg, WV 26301
(304) 624-7832
thfaal@aol.com

004979

2 2 5 0 8 0 0 4 9 8 3 0 4 5

SUN-22508 0425-6 pdf001 24-60001
BAE Systems
Bankruptcy Noticing Center
45479 Holiday Drive
Sterling, VA 20166-9411



004979 4979 1 AB 0.544 25801 6 2 10140-1-5242

Michael D. Rose, Charles Blessard, et al
c/o Stephen P. New, Esquire
New, Taylor & Associates
430 Harper Park Drive
Beckley, WV 25801-2663

## Electronic Bankruptcy Noticing

**Go Green!**
Sign up for electronic notices. FREE!
Receive notices 24 X 7 and days faster
than through US Mail.
Try our new Email Link service.

To find out how, visit:
https://bankruptcynotices.uscourts.gov

004979      2 2 5 0 8 0 0 4 9 8 3 0 4 5